**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-20669-RAR**

**RICHEMONT INTERNATIONAL SA** and **VAN CLEEF & ARPELS**, *a division of* **RICHEMONT NORTH AMERICA, INC.**,

Plaintiffs,

v.

**ROBBINS NEST TRADING COMPANY, INC.**, *d/b/a* **7TH PLATEAU**,

Defendant.
_________________________________/

## FINAL CONSENT JUDGMENT

**THIS CAUSE** comes before the Court upon the parties' Motion for Final Judgment on Consent ("Motion"), [ECF No. 32], filed on November 28, 2025. Having carefully reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 32], is **GRANTED** as follows:

This matter, having been commenced by plaintiffs Richemont International SA and Van Cleef & Arpels, a division of Richemont North America, Inc (together, "Plaintiffs") by filing a complaint against Defendant Robbins Nest Trading Company, Inc., d/b/a 7th Plateau ("Defendant") on February 13, 2025 charging Defendant with trademark counterfeiting and infringement of registered trademark and trade dress under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and design patent infringement in violation of Section 271, 35 U.S.C. § 271, based on Defendant's

promotion, offering for sale, and sale of jewelry products that bear Plaintiffs' federally registered trademarks, trade dresses, and design patents;

Defendant having agreed to entry of this Final Judgment on Consent ("Judgment");

Defendant making, in connection with and as inducement for the entry of the Judgment, the following admissions and representations that are material terms of and form the basis for entry of this Judgment and upon which Plaintiffs and the Court have relied:

a. Defendant acknowledges Plaintiffs' exclusive rights in and to the Alhambra Trade Dress and the Alhambra Guilloche Patents (as those terms are defined in the Complaint);

b. Defendant has ceased promoting, offering for sale, selling, and distributing:

i. any products that bear the Alhambra Trade Dress or any confusingly similar trade dress or mark; and

ii. any products that bear the Alhambra Guilloche Patents or any designs that infringe the Alhambra Guilloche Patents (U.S. Patent Nos. D909,906 S and D906,866 S).

(collectively, Defendant's products bearing the Alhambra Trade Dress or the Alhambra Guilloche Patents are referred to herein as the "Infringing Products");

c. Defendant never manufactured any of the Infringing Products;

d. Defendant has ceased purchasing from any party any Infringing Products;

e. Defendant's total purchases of the Infringing Products was not more than $2000.

f. Defendant has the legal capacity to enter into this Judgment and to carry out all obligations and requirements herein.

This Court having made the following findings and conclusions:

A. The Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to Sections 1331 and 1338(a) and (b) of 28 U.S.C. §§ 1331, 1338(a) & (b).

B. The Court has personal jurisdiction over Defendant under Section 48.193(1) of the Florida Statutes.

C. Venue is proper in this District pursuant to Sections 1391(b) and (c) of 28 U.S.C. §§ 139l(b) & (c).

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Judgment is granted in favor of Plaintiffs and against Defendant on Plaintiffs' claims for trademark counterfeiting and infringement of registered trademark and trade dress under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § l125(a); and design patent infringement in violation of Section 271, 35 U.S.C. § 271.

2. Within five (5) days of this Order, Defendant shall certify in writing, sworn under oath and punishable by contempt, that it has destroyed all remaining inventory of the Infringing Products. Defendant shall furnish pictures and/or video of such destruction to Plaintiffs' counsel by no later than seven (7) days from this Order.

3. Defendant shall pay to Plaintiffs an undisclosed settlement amount in multiple installment checks. Should the funds be insufficient for any of these checks, Plaintiff shall be a direct violation of this Order and such violation shall accelerate all subsequent payments due hereunder, and subject Defendant to potential sanctions for violation of this Order in the discretion of this Court.

4. Defendant, and each of its agents, privies, servants, affiliates, employees, successors, assigns, heirs, designees, and any entity created, owned, or controlled in whole or in part by Defendant now or in the future, is each hereby permanently enjoined and forever restrained from:

a. Imitating, copying, or making unauthorized use of the Alhambra Trade Dress or the Alhambra Guilloche Patents, including, without limitation, by manufacturing, reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing, or exporting any products bearing the Alhambra Trade Dress or the Alhambra Guilloche Patents, or any other confusingly similar mark or design in, on or through any medium, venue, outlet, store, factory, building, website, social media, blog, or other facility or establishment;

b. Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Plaintiffs or that any product manufactured, distributed, displayed, advertised, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with Plaintiffs, is a genuine product of Plaintiffs, or is authorized, licensed, sponsored, or otherwise approved by Plaintiffs;

c. Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the Alhambra Trade Dress or the Alhambra Guilloche Patents;

d. Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the Alhambra Trade Dress or the Alhambra Guilloche Patents;

e. Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(d) above, inclusive.

5. Any violation by Defendant of any provision of this Judgment or any error or omission in any of Defendant's representations shall constitute contempt of a Court order, and Plaintiffs shall be entitled to all relief under 18 U.S.C. § 401 *et seq.,* as well as the following relief and remedies from Defendant, which remedies are cumulative:

a. to the extent any of the representations are deemed by the Court to be materially false, Defendant shall pay to Plaintiffs $5,000 for each representation that is false;

b. liquidated damages in the sum of $10,000 for each individual different product (not type of product, but product) offered for sale in violation of this Judgment;

c. disgorgement to Plaintiffs of all profits Defendant receives in connection with selling any products that are prohibited under the terms of this Judgment. For purposes of assessing such profits, Defendant shall provide a list of all items purchased from third parties and shall disclose the price at which Defendant sold all such products. Plaintiffs shall be entitled to the difference between the sale price received by Defendant and the purchase price Defendant paid;

d. all investigation costs incurred by Plaintiffs in learning of or investigating any violation or breach of this Judgment;

e. all of Plaintiffs' costs and attorneys' fees incurred in connection with discovering any violation or breach of this Judgment, assessing the violation or breach of this Judgment, advising Defendant or its counsel of any violation or breach of this Judgment, and bringing any action for violation or breach of this Judgment; and

f. any other contempt remedies to be determined by the Court, which may include additional fines and seizure of property.

Defendant shall not challenge Plaintiffs' rights to any of the relief identified in subparagraphs 5(a)-(f). In addition to the relief identified above, Plaintiffs may also pursue all remedies provided by the Lanham Act or any other applicable law.

6. This Judgment resolves the claims and demands that were asserted by Plaintiffs in this action against Defendant and all defenses and counterclaims, permissive or compulsory, that were or could have been asserted by Defendant in this action and all relief and remedies requested or that could have been requested by Defendant, and shall constitute a final adjudication of the merits as to any such claims, counterclaims, and defenses.

7. The parties shall bear their own costs and attorneys' fees.

8. The parties to this Judgment waive all rights to appeal from entry of this Judgment.

9. Defendant acknowledges that it has obtained advice of counsel with respect to this Judgment. Defendant further acknowledges that its decision to consent to the entry of this Judgment was not influenced by any promises, representations, or statements made by Plaintiffs or anyone acting on their behalf other than those set forth herein.

10. This Court shall retain jurisdiction over this matter and the parties to it to enforce the terms of the Judgment and for purposes of entering any other orders necessary to implement the terms of this Judgment and to punish or award damages for violation thereof.

11. By their signatures and acknowledgments below, the parties agree to be bound by the terms of this Judgment.

12. This Judgment is a final judgment.

**DONE AND ORDERED** in Miami, Florida, this 4th day of December, 2025.

RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED:

Dated: Geneva, Switzerland
~~December __, 2025~~
November 25, 2025

RICHEMONT INTERNATIONAL SA

By: ________________
Name: DIANE RICHARD
Title: Authorized Attorney
Lead IP Counsel

Dated: New York, New York
~~December __, 2025~~
November 24, 2025

VAN CLEEF & ARPELS, a division of
RICHEMONT NORTH AMERICA, INC.

By: ________________
Name: Joshua Lipman
Title: SVP, Head of Legal

Dated: Miami, Florida
December __, 2025

ROBBINS NEST TRADING COMPANY, INC.,
D/B/A 7TH PLATEAU

By: ________________
Name: ________________
Title: ________________

7

STIPULATED AND AGREED:

Dated: Geneva, Switzerland
December __, 2025

RICHEMONT INTERNATIONAL SA

By:______________________________

Name:____________________________

Title:_____________________________

Dated: New York, New York
December __, 2025

VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC.

By:______________________________

Name:____________________________

Title:_____________________________

Dated: Miami, Florida
December __, 2025

ROBBINS NEST TRADING COMPANY, INC., D/B/A 7TH PLATEAU

By: [signature]

Name: EVAN ROBBINS

Title: PRESIDENT